IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL IMEL on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Class & Collective Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:19-cv-634 |
| DC CONSTRUCTION SERVICES, INC. and DUSTIN CALHOUN, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DAMAGES

This is a proposed collective action brought on behalf of all former and current hourly workers of Defendants ("the Class" and "the Collective Class") against Defendants, DC Construction Services, Inc. ("DC") and Dustin Calhoun.

### I. Parties

1.      Each member of the Class and Collective Class is or was an hourly employee of DC at all times relevant to this action.

2.      Plaintiff, Mr. Imel, is a resident of Anderson, Indiana.

3.      Defendant, DC, is an incorporated business that operates an office in Indianapolis, Indiana.

4.      Mr. Calhoun is the President of DC.

5.      Mr. Calhoun is one of the managers of DC.

6.      Mr. Calhoun is an owner of DC.

7.     Mr. Calhoun is responsible for determining how the employees of DC are paid.

## II.  Jurisdiction and Venue

8.     This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiff and the Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

9.     This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

10.     Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III.     Class Action Allegations

11.     Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were hourly employee of DC ("the Collective Class").

12.     Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as hourly employees of DC ("the Hourly Class").

13.      Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who were employed by DC and had monies deducted from their wages for an illegal purpose ("the Deduction Class").

14.     The members of the Hourly Class and Collective Class were paid on an hourly basis.

15.     The members of the Hourly Class and Collective Class had time deducted from their hours worked which resulted in unpaid regular or overtime hours.

16.     The members of the Hourly Class and Collective Class were paid on a weekly basis.

17.     While the members of the Collective Class were paid overtime premiums for hours worked beyond 40 hours in a workweek, the members of the Collective Class were not paid overtime wages for all overtime hours worked because Defendants would subtract working time from their weekly hours worked.

18.     Defendants willfully failed to pay members of the Collective Class the correct overtime wages.

19.     The members of the Deduction Class had wages deducted from their pay for illegal purposes.

20.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action. The names, contact information, and relevant documentation of members of the classes should be in the business records of DC.  Notice may be provided to members of the classes or their personal representatives via first class mail and e-mail addresses using techniques and a form of notice similar to those customarily used in class actions.

### IV.     Factual Allegations

21.     Mr. Imel worked for DC for multiple periods of time over the last three (3) years.

22.     Mr. Imel worked for DC as a asphalt superintendent.

23.     Mr. Imel was paid on an hourly basis at all times relevant to this lawsuit.

24.     The final hourly wage that DC agreed to pay Plaintiff was $25.00 per hour.

25.     DC agreed to pay Plaintiff on weekly basis.

26.     Plaintiff was not paid for all hours that he worked.

27.     Plaintiff was not paid for all overtime hours that he worked.

28.     Plaintiff had monies illegally deducted from his wages.

29.     DC failed to pay Plaintiff any wages due and owing on certain pay dates.

30.     Plaintiff entered into a contract to get money to purchase a truck from Defendants.

31.     A true and accurate copy of the Loan Agreement is attached hereto as Exhibit A.

32.     Defendants breached the contract repossessing the truck despite the fact that the Loan Agreement was not in breach.

33.     Defendants converted the truck by removing it from Plaintiff's home driveway without his permission.

34.     Plaintiff was terminated by Defendants on September 27, 2018.

35.     On January 28, 2019, the wage claim of Plaintiff was referred to proposed Class Counsel by the Attorney General's Office in conjunction with the Department of Labor.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

36.     Plaintiffs incorporate paragraphs 1 through 35 by reference herein.

37.     Plaintiff and the members of the Collective Class are or were employees of DC pursuant to the FLSA.

38.      DC is an employer pursuant to the FLSA.

39.     Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

40.     DC had gross revenues of at least $500,000.00 for the 2015 calendar year.

41.     DC had gross revenues of at least $500,000.00 for the 2016 calendar year.

42.     DC had gross revenues of at least $500,000.00 for the 2017 calendar year.

43.     DC had gross revenues of at least $500,000.00 for the 2018 calendar year.

44.     Mr. Calhoun is an employer pursuant to the FLSA.

45.     Plaintiff and the members of the Collective Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A.     Enter an award for Plaintiffs and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B.     Enter an award for liquidated damages with interest as permitted by the FLSA.

C.     Enter an order awarding Plaintiffs and the members of the Collective Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II - Class Actions**
**Failure to Properly Pay Wages**
**Pursuant to the Wage Payment Statute, I.C. §22-5-1 *et. seq.***

46.     Plaintiff incorporates paragraphs 1 through 45 by reference herein.

47.     Plaintiff and the members of the Hourly Class were not paid all of their regular hours worked during their employment.

48.     Plaintiff and the members of the Deduction Class were not paid all of their wages due and owing due to illegal deductions during their employment.

49.     Plaintiff and the members of the Hourly and Deduction Classes were not paid all their wages due and owing in a timely fashion or in the correct amount.

50.     Plaintiff and the members of the Hourly and Deduction Classes have been damaged by DC's violations of the Wage Payment Statute.

WHEREFORE, Plaintiffs pray that the Court:

A.      Enter an award for Plaintiffs for the actual wages owed with interest as permitted by the Wage Payment Statute.

B.      Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II – Individual Claim**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

51.     Plaintiff incorporates paragraphs 1 through 50 by reference herein.

52.     Plaintiff was not paid for all of the overtime hours that he worked for Defendants.

53.     Plaintiff has been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiffs pray that the Court:

A.      Enter an award for Plaintiffs for the actual overtime wages owed with interest as permitted by the FLSA.

B.      Enter an award for liquidated damages with interest as permitted by the FLSA.

C.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count IV – Individual Claim**
**Failure to Properly Pay Wages**
**Pursuant to the Wage Claims Statute, I.C. §22-9-1 *et. seq.***

54.    Plaintiff incorporates paragraphs 1 through 53 by reference herein.

55.    Plaintiff was not paid all of his regular hours worked during his employment.

56.    Plaintiff was not his final regular pay checks by DC.

57.    Plaintiff was not paid all his wages due and owing in a timely fashion or in the correct amount.

58.    Plaintiff has been damaged by DC's violations of the Wage Claims Statute.

WHEREFORE, Plaintiffs pray that the Court:

A.    Enter an award for Plaintiffs for the actual wages owed with interest as permitted by the Wage Claims Statute.

B.    Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

C.    Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

D.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count V – Individual Claim**
**Breach of Contract**

59.     Plaintiff incorporates paragraphs 1 through 58 by reference herein.

60.     Plaintiff entered into a Loan Agreement with DC on September 12, 2018.

*See* Exhibit A.

61.     DC breached the contract by repossessing the truck in violation of the

Loan Agreement.

62.     Plaintiff has been damaged by DC's breach of contract.

WHEREFORE, Plaintiffs pray that the Court:

A.     Enter an award for Plaintiffs for the contractual damages with interest as

permitted.

B.     Enter an order awarding Plaintiff all reasonable attorney fees and expenses

incurred in pursuing this claim.

C.     Enter an award for such other relief as may be just and appropriate.

<div style="margin-left: 50%;">

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

</div>

**Count VI – Individual Claim**
**Conversion of Truck**
**Pursuant to the Crimes Victim Relief Act, I.C. §34-24-3-1**

63.     Plaintiff incorporates paragraphs 1 through 62 by reference herein.

64.     Plaintiff had purchased a truck from Defendants.

65.     The truck was sitting in Plaintiff's driveway on September 27, 2018.

66.     Defendants arranged for the truck to be towed from Plaintiff's driveway without his permission.

67.     Ultimately, Defendants took possession of the truck from the towing company.

68.     Defendants converted the truck by taking it without the permission of Plaintiff.

69.     Plaintiff has been damaged by Defendant's criminal conduct.

70.     Plaintiff is entitled to damages pursuant to the Crimes Victims Relief Act.

WHEREFORE, Plaintiffs pray that the Court:

A.      Enter an award for Plaintiffs for the actual damages owed with interest as permitted by the CVRA.

B.      Enter an award for liquidated damages with interest as permitted by the CVRA.

C.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the CVRA.

D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV.  Jury Demand

71.  Plaintiff incorporates paragraphs 1 through 70 by reference herein.

72.  Plaintiff demands a trial by jury.

<div align="right">

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy

Ronald E. Weldy, #22571-49

Proposed Classes & Collective Action Counsel

</div>

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: weldy@weldylegal.com