## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

MICHAEL IMEL on Behalf of Himself and All )
Others Similarly Situated, )
                   )
              Plaintiff, )
                   )
              v. )     Case No. 1:19-cv-00634-TWP-MG
                   )
DC CONSTRUCTION SERVICES, INC., )
DUSTIN CALHOUN, )
                   )
              Defendants. )

## ENTRY ON DEFENDANTS' MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Defendants DC Construction

Services, Inc. ("DCS") and Dustin Calhoun ("Calhoun") (collectively, "the Defendants") ([Filing

No. 117](#)). The jury trial in this matter is scheduled to begin on Monday, March 14, 2022. The

claims to be tried are the Plaintiff Michael Imel's ("Imel"), on behalf of himself and all others

similarly situated (collectively, "the Plaintiffs"), collective claims for violations of the Fair Labor

Standards Act ("FLSA") 29 U.S.C. § 201 and the Indiana Wage Claims Statute, Ind. Code § 22-2-

9-1; as well as Imel's individual claim for breach of contract. The Defendants move the Court for

an order *in limine* prohibiting the Plaintiffs and their counsel from directly or indirectly

mentioning, referring to, asking questions about, eliciting testimony, or offering exhibits which

contain inadmissible evidence throughout every stage of the trial. For the following reasons, the

Court **grants in part and denies in part** the Defendants' Motion.

## I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on

motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court

excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any

purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.     DISCUSSION

The Defendants seek to have the Court exclude several categories of evidence from trial that they argue is inadmissible under the Federal Rules of Civil Procedure or Federal Rules of Evidence (Filing No. 117). The Plaintiffs have filed a response in opposition (Filing No. 130). The Court addresses each of their requests in turn.

### A.     Testimony From Witnesses Who Failed To Appear For A Properly Noticed Deposition

This Court has addressed this issue in its Entry on the Defendants' Motion for Dismissal (Filing No. 126). The parties were ordered to complete any remaining depositions within fourteen days of the date the Entry was entered. *Id.* at 8. The Plaintiffs that fail to appear for their scheduled depositions will be subject to sanctions, including dismissal from the case. *Id.*; *see Wine & Canvas Dev. LLC v. Weisser,* No. 1:11-cv-01598-TWP, 2014 WL 1383310, at *1 (S.D. Ind. Apr. 8, 2014) (finding that failure to appear for depositions would lead to sanctions). In their response, the Plaintiffs concede that this Court has dealt with this issue (Filing No. 130 at 2). The Defendants' request is **granted**. The testimony of witnesses who fail to appear for their scheduled depositions will be excluded from trial.

2

**B.**   **Offers Of Compromise Or Any Communications Related To Settlement**

The Defendants request the Court exclude "any testimony or references to their settlement offers, participation in settlement negotiations and its conduct or statements made during those settlement discussions in this matter." (Filing No. 117 at 3.) The Defendants argue that pursuant to Rules 403 and 408 of the Federal Rules of Evidence, these conversations should be excluded because of their highly prejudicial nature and are "presumptively inadmissible at trial to prove liability." *Id*. The Plaintiffs do not contest this request in their response.

Federal Rule of Evidence 403 allows for the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 408 concerns compromise offers and negotiations. Fed. R. Evid. 408. Rule 408 prohibits evidence of settlement discussions except in limited circumstances such as in criminal cases or where the evidence is submitted for another purpose like proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. *Id*. The Defendants contend none of the exceptions are applicable in this case. The Court agrees. *See Allmon v. United States*, No. 1:17-cv-01906-TWP-DML, 2020 WL 4430584, at *3 (S.D. Ind. July 31, 2020) (granting motion *in limine* to exclude evidence of settlement offers or negotiations pursuant to Rule 408).

The Defendants' Motion *in Limine* to exclude evidence of or reference to compromise offers or communications related to potential settlements is **granted**.

**C.**     **Prior Lawsuits Or Complaints Against The Defendants By Former, Current, Or Prospective Employees; Or Any Other Unrelated "Bad Acts" By The Defendants Other Than The Remaining Counts Of The Amended Complaint**

Next, the Court is asked to exclude evidence concerning any alleged prior unrelated bad acts of the Defendants or their employees including but not limited to claims of discrimination, hostile work environment, and sexual harassment, as well as safety violations and poor working conditions under Rule 404(b) (Filing No. 117 at 4). Federal Rule of Evidence 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b)(2) allows evidence of a crime, wrong, or other act when it is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. at 404(b)(2). The Plaintiffs do not oppose the Defendants' request to exclude such evidence.

The Seventh Circuit assesses the admissibility of prior bad acts evidence under a four-part inquiry. The evidence must be relevant to an issue other than the defendant's propensity to commit the crime charged, the other act must be similar enough and close enough in time to be relevant, there must be sufficient evidence that the defendant committed the similar act, and the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *See Ahuluwalia v. Hamilton Crossing Animal Hosp., P.C.*, No. 1:09-cv-01426-TWP, 2011 WL 1838672, at *2 (S.D. Ind. May 13, 2011) (determining admissibility of prior bad acts evidence pursuant to motion *in limine*) (citations omitted). The Defendants assert that references to matters unrelated to the allegations of payment and deduction of wages which have been plead would be "irrelevant and highly prejudicial." (Filing No. 117 at 4.) The Court agrees to the extent that such

evidence is not being offered for legitimate non-propensity purposes or being offered to show the Defendants' bad character.

The Court **grants** the Defendants' Motion *in Limine* to exclude evidence of prior unrelated bad acts of the Defendants.

**D.**     **Any Asset, Revenue, Or Other Financial Information Related To The Defendants Or Arguments, Statements, Or Inferences, That The Defendants Are "Deep Pockets" Or Are Financially Superior To The Plaintiffs**

The Defendants move the Court to exclude any testimony or references to DCS or Calhoun's wealth, income, profits, assets, financial resources, or ability to pay a verdict or judgment. *Id.* They argue that such evidence is inadmissible outside of punitive damages being claimed because there is substantial danger of the suggestion to jurors that the Defendants are better positioned to pay compensatory damages. The Plaintiffs' respond that in order to establish "Enterprise Coverage under the FLSA, [they] must show that Defendants does gross business of $500,000.00 or more each year for the years in question." (Filing No. 130 at 2.) The Plaintiffs assert that they must be permitted to present financial information related to the Defendants to meet the FLSA requirements. *See Tutrow v. Off. Tech, Inc.*, No. 1:09-cv-900-TWP-DML, 2011 WL 1258194, at *1 (S.D. Ind. Apr. 4, 2011) (noting that "having gross revenues of $500,000 or more," is "a requirement to establish enterprise coverage pursuant to the FLSA"). The Plaintiffs offer that if the Defendants stipulate that the Plaintiffs are covered by enterprise coverage under the FLSA, they will have no need to put on evidence of the Defendants' finances.

The Defendants' position is well-taken and this Court has excluded testimony that references the wealth or financial resources of defendants. *See Jenkinson v. Norfolk S. Ry. Co.*, No. 1:15-cv-00824-TWP-MPB, 2017 WL 1393086, at *7 (S.D. Ind. Apr. 17, 2017); *see also Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) (holding reference to the

comparative size and financial wealth of the parties was improper). However, to show that the Defendants are liable under FLSA, the Plaintiffs are required to show enterprise coverage if the claim is not being brought under an "individual" theory of liability. *Felker v. Sw. Emergency Med. Serv., Inc.*, 521 F. Supp. 2d 857, 864 (S.D. Ind. 2007) (outlining the two ways defendants could be liable for payment of overtime compensation to plaintiffs under the FLSA). Thus, the Defendants' request to exclude all references to their financial information is overbroad.

The Court **denies** the Defendants' Motion *in Limine* to exclude any testimony or references to DCS or Calhoun's wealth or financial resources. Plaintiff may offer evidence to show Enterprise Coverage under the FLSA, that Defendants does gross business of $500,000.00 or more each year for the years in question.

### E. <u>Any Reference To Witnesses Named On The Plaintiffs' Witness List But Not Called At Trial</u>

The Defendants move the Court to exclude any testimony or reference to witnesses named on the Plaintiffs' witness list but not called at trial pursuant to Rule 403 of the Federal Rules of Evidence (Filing No. 117 at 5). The Plaintiffs offer no opposition in response.

The Court **grants** the Defendants' Motion *in Limine* to exclude references to witnesses named on the Plaintiffs' witness list but not called at trial because there is the risk that the prejudicial effect such references may engender substantially outweighs any probative value they might have. *See* Fed. R. Evid. 403.

### F. <u>Any Reference To Insurance Coverage Which The Defendants May Or May Not Have</u>

The Defendants request that the Court excludes any testimony or reference to any liability or other insurance they may or may not have pursuant to Rule 411 of the Federal Rules of Evidence (Filing No. 117 at 5). "Evidence that a person was or was not insured against liability is not

admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. The Plaintiffs do not offer a response in opposition. The Court **grants** the Defendants' Motion *in Limine* to exclude any reference to the insurance coverage that DCS or Calhoun may or may not have.

**G.     Any Documents That Were Not Produced In Discovery**

The Defendants move the Court to exclude any documents at trial that were not produced in discovery. The Plaintiffs do not provide a response in opposition to this request. The Court advised the parties at the final pretrial conference for this matter that it would likely exclude from evidence any documents that were not produced in discovery (Filing No. 134 at 5). Thus, the Court **grants** the Defendants' Motion *in Limine* to exclude documents not produced in discovery.

### III.     CONCLUSION

For the foregoing reasons, the Defendants' Motion *in Limine* is **GRANTED in part and DENIED in part** (Filing No. 117). An order *in limine* is not a final, appealable order. If a party believes that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:   2/25/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas W. Blessing
MASSILLAMANY JETER & CARSON
tom@mjcattorneys.com

Christopher Paul Jeter
MASSILLAMANY & JETER LLP
chris@mjcattorneys.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com