UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL IMEL on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DC CONSTRUCTION SERVICES, INC., DUSTIN CALHOUN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 1:19-cv-00634-TWP-MG<br>)<br>)<br>)<br>)<br>) |

## ENTRY ON PLAINTIFFS' MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Plaintiff Michael Imel ("Imel") on behalf of himself and all others similarly situated (collectively, "the Plaintiffs") (Filing No. 125). The jury trial in this matter is scheduled to begin on Monday, March 14, 2022. The Plaintiffs bring collective claims against Defendants DC Construction Services, Inc. ("DCS") and Dustin Calhoun ("Calhoun") (collectively, "the Defendants") for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 and the Indiana Wage Claims Statute, Ind. Code § 22-2-9-1; as well as Imel's individual claim for breach of contract. The Plaintiffs move the Court for an order *in limine* precluding the Defendants from introducing evidence, referencing, or mentioning certain factual issues at trial. For the following the reasons, the Court **grants in part and denies in part** the Defendants' Motion.

### I.  LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2

(S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

The Plaintiffs seek to have the Court exclude several categories of evidence from trial that they argue is inadmissible under the Federal Rules of Civil Procedure or Federal Rules of Evidence (Filing No. 125). The Defendants have filed their response in opposition (Filing No. 129). The Court addresses each of the Plaintiffs' requests in turn.

### A. Evidence Not Provided in Interrogatory Requests

The Plaintiffs argue that as a matter of law, the Defendants should not be permitted to present any evidence at trial that was not provided to Plaintiffs in response to interrogatory requests (Filing No. 125 at 2). Specifically, the Plaintiffs assert that aside from what was produced in response to their interrogatories, the Defendants cannot be permitted to present additional or contradictory testimony or evidence regarding: (1) the start times for the workday or lunch breaks for the Plaintiffs; (2) the stopped work times for the workday or lunch breaks for the Plaintiffs; (3) the number of hours worked by the Plaintiffs; and (4) the dates worked by the Plaintiffs. *Id.* at 2–4. The Plaintiffs invoke Rule 37(c)(1) to contend that the Defendants failure to provide information as required by Rule 26(e)(1) precludes the presentation of such information at trial. The relevant portions of the two rules read as follows:

> Rule 26. General Provisions Governing Discovery; Duty of Disclosure
> ....

> (e) Supplementing Disclosures and Responses.
>
> > (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> >
> > > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> > >
> > > (B) as ordered by the court.

Fed. R. Civ. P. 26.

> Rule 37. Failure to Make Disclosure or Cooperate in Discovery; Sanctions
> ....
>
> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> > (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> >
> > > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> > >
> > > (B) may inform the jury of the party's failure; and
> > >
> > > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37.

The Defendants respond that they, in fact, did produce "payroll records" which include "much of [the] information," being requested by the Plaintiffs (Filing No. 129 at 1). They assert that Calhoun answered to the best of his ability when he was asked about the hours worked, start times, end times, and lunch breaks of the Plaintiffs. The Defendants contend that any alleged inconsistencies with Calhoun's answers or the responses to the discovery requests already provided

3

"goes to the weight to be given such evidence and not its admissibility." *Id*. The Defendants distinguish the case cited by the Plaintiffs in support—*Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 (7th Cir. 1998)—with the instant facts given that *Salgado* involves a party's untimely expert disclosure being deemed inadmissible. *Id*. at 2. The Defendants maintain that the Plaintiffs can cross-examine witnesses on any discrepancies and allow the jury to decide without going to such drastic lengths as barring all evidence that may be offered at trial.

For the interrogatories in question, the Defendants objected to the Plaintiffs' request as being "overly broad and unduly burdensome," and stated that "Paystubs will be produced showing the hours worked." (Filing No. 125-1 at 7–8.) The Plaintiffs submitted the affidavit of their counsel averring that the paystubs produced by the Defendants in discovery do not show the Plaintiffs' start times or end times for their workday or lunch breaks, and they do not show the hours the Plaintiffs worked daily (Filing No. 125-2 at 2). The disputed paystubs are not in the record, and it is unclear whether the "payroll records" submitted by the Defendants contains the necessary information allegedly not included in the paystubs.

The Court finds that the Plaintiffs' assertion that the Defendants "intend to present evidence in the form of oral testimony and/or documentation that was not disclosed to [them] in response to Interrogatories," is supported by nothing beyond their subjective belief. This is insufficient to grant the relief requested without more to buttress the claim. Under Rule 37(a)(3)(B), the Plaintiffs are permitted to file a Motion to Compel a Discovery Response for fuller answers to an interrogatory should they find them to be inadequate. Fed. R. Civ. P. 37(a)(3)(B)(iii). Upon such a motion, the Court would evaluate the answers provided by the Defendants and, if necessary, could appropriately order a more extensive response. *See Deere v. Am. Water Works Co.*, 306 F.R.D. 208, 214 (S.D. Ind. 2015) ("A party seeking discovery may move for an order compelling an

answer to an interrogatory if the party to whom the interrogatory is directed fails to answer.") (internal quotation marks and citations omitted).

The Court **denies** the Plaintiffs' Motion *in Limine* to preclude the Defendants from presenting testimony or evidence regarding the start and end times for the workday and lunch breaks of the Plaintiffs, as well as the dates and daily hours the Plaintiffs worked.

B.      **Preclude All The Defendants' Witnesses**

The Plaintiffs move the Court for an order precluding the Defendants from calling any witnesses at trial because the Defendants failed to file their final witness list in compliance with the Court's Case Management Plan (*see* Filing No. 75). In the alternative, the Plaintiffs asks the Court to allow only the two witnesses identified in the Defendants first witness list sent on or around December 13, 2021 (*see* Filing No. 102). The Defendants respond that the Plaintiffs' assertions are "hyper-technical," and their argument belies the purpose of witness lists—namely to provide reasonable notice of who will be testifying at trial (Filing No. 129 at 2). The Defendants filed a new witness list on February 2, 2022 (Filing No. 116). They contend that all their witnesses were "either previously listed, deposed, listed on the Plaintiffs' witness list, or identified in testimony and documents exchanged between the parties over the course of the past three years." (Filing No. 129 at 2.)

At the final pretrial conference in this matter, the Court provisionally overruled the Plaintiffs' objection to the Defendants' witness list (Filing No. 134 at 3–4). The Court determined that the witnesses identified by the Defendants at the final pretrial conference may be called to testify and the Defendants were required to make their witnesses available in the event the Plaintiffs wished to depose any late-identified witness. *Id*. at 4. The Court has advised the Plaintiffs

that they may renew their objection if warranted. *Id.* To that end, the Court **denies** the Plaintiffs' Motion *in Limine* to preclude the Defendants from calling any witnesses at trial.

    **C.**    **Excluding Testimony Or Evidence Of The Plaintiffs' Health Issues Or The Treatment of Their Health Issues**

The Plaintiffs move the Court for an order prohibiting the Defendants from introducing any evidence or testimony regarding any health issues or treatment of a health issue of any of the Plaintiffs (Filing No. 125 at 5). The Plaintiffs assert that personal health information is confidential "pursuant to HIPAA and should not be introduced" by the Defendants nor should questions concerning this topic be asked during the trial. *Id*. The Defendants counter that the Plaintiffs' motion does not point to any specific exhibits or testimony that it seeks to exclude, and it is "too vague," among other deficiencies (Filing No. 129 at 3). The Court disagrees to the extent that the Plaintiffs' motion specifically requests that the Plaintiffs' health information be excluded.

The Health Insurance Portability and Accountability Act ("HIPAA") protects individuals from unwarranted dissemination of medical and mental health records by restricting access to such records without the individual's direct consent. Health Insurance Portability and Accountability Act of 1996, § 262(a); 42 U.S.C. § 1320(d) *et seq*.; *see also Meridian Health Servs. Corp. v. Bell*, 61 N.E.3d 348 (Ind. Ct. App.), aff'd on reh'g, 65 N.E.3d 611 (Ind. Ct. App. 2016). "But nowhere does the statute expressly create a private right of action to enforce this substantive prohibition," like the Plaintiffs seem to imply. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Further, Health and Human Services regulations authorize healthcare providers "to disclose private health information in judicial or administrative proceedings 'in response to an order of a court.'" *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (quoting 45 C.F.R. § 164.512(e)(1)(i)).

Plaintiffs request is overly broad and they have not identified any particular health issues or treatment of health issues that should be excluded and the Court is unable to determine whether evidence concerning any witness health is irrelevant to the claims that will be presented at trial. Should the Defendants have need for such information or if they believe any witness health issue are relevant to the issue for trial, they are permitted to follow the procedures outlined in § 164.512 for "Uses and disclosures for which an authorization or opportunity to agree or object is not required." 45 C.F.R. § 164.512. Accordingly, the Court **grants in part and denies in part** the Plaintiffs' Motion *in Limine* to exclude testimony or evidence of the Plaintiffs' health issues or treatment .

D. **Testimony or Evidence of Crimes Allegedly Committed That Do Not Concern Veracity**

The Plaintiffs' assert that the Defendants should not be permitted to introduce evidence or testimony regarding any crime allegedly committed by any of the Plaintiffs "unless the crime goes towards an individual Plaintiff's veracity." (Filing No. 125 at 5.) The Defendants oppose this request on the grounds that the Plaintiffs "do not provide any analysis or argument as to why evidence should be excluded in a more stringent way than that required by Federal Rule of Evidence 609." (Filing No. 129 at 3.) The Defendants contend that several of the Plaintiffs and their witnesses have felony criminal histories within the past ten years and others have convictions for misdemeanors involving dishonesty which requires the Plaintiffs' motion to be denied. *Id*. at 4.

Federal Rule of Evidence 609 allows the admission of evidence of a witness's prior criminal convictions that was punishable by death or by imprisonment for more than one year, in a civil case for the purposes of impeaching their credibility and truthfulness subject to Rule 403. Fed. R. Evid. 609(a)(1)(A). Federal Rule of Evidence 403 states that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

7

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 609 contains a limit on using evidence of prior criminal convictions if more than ten years have passed since the conviction or release from confinement, whichever is later. Fed. R. Evid. 609(b). The Court may only admit such evidence if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. *Id*.

The Defendants' argument is well-taken. The Plaintiffs have not articulated a sufficient basis to exclude evidence of prior criminal convictions beyond the directives outlined in Rule 609. Accordingly, the Court **denies** the Plaintiffs' Motion *in Limine* requesting the Court prohibit the introduction of evidence or testimony regarding any crimes allegedly committed by the Plaintiffs unless the crimes go towards an individual Plaintiff's veracity.

### E. Testimony Or Evidence Of The Plaintiffs' Prior Administrative Charges or Lawsuits

The Plaintiffs move the Court for an order prohibiting the introduction of evidence or testimony regarding any administrative charges, complaints, or lawsuits previously filed by the Plaintiffs because these prior acts are not relevant to any facts in this matter (Filing No. 125 at 6). The Defendants respond that they are "unable to comprehend what Plaintiffs mean by evidence of 'Administrative Charges' without more explanation." (Filing No. 129 at 3.) The Defendants assert that the Plaintiffs' motion is too vague and not yet ripe for adjudication "unless and until the targeted evidence is identified by Plaintiffs or offered by Defendants at trial, at which time Plaintiffs may object and articulate the basis for their objection." *Id*. The Court agrees that the Plaintiffs' reference to "administrative charges" is overbroad. However, the Plaintiffs have also clearly identified prior lawsuits and complaints as being irrelevant in this case and the Defendants

have been given an opportunity to respond and their opposition does not specifically contest the relevance of this category of evidence or testimony. Thus, the Court finds that this evidentiary ruling is ripe for adjudication and the evidence of the Plaintiffs' prior lawsuits or complaints is irrelevant to the claims raised in this case.

The Court **denies** the Plaintiffs' Motion *in Limine* regarding testimony or evidence of so-called "administrative charges" however the Motion *in Limine* concerning prior lawsuits or complaints against the Plaintiffs is **granted**.

F.  **Inadmissibility Of Testimony, Argument, Or Evidence Regarding Settlement Of Compromise As Well As The Desire Of The Plaintiffs To Settle Rather Than File Suit Or Proceed To Trial**

The Plaintiffs assert that pursuant to Rule 408, the Defendants are not permitted to offer evidence regarding any fact discussed in settlement negotiations or the existence of settlement negotiations evidence (Filing No. 125 at 6). The Defendants do not contest this request in their response. Rule 408 concerns compromise offers and negotiations. Fed. R. Evid. 408. Rule 408 prohibits evidence of settlement discussions except in limited circumstances such as in criminal cases or where the evidence is submitted for another purpose like proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. *Id*. The Court **grants** the Plaintiffs' Motion *in Limine* to exclude testimony or evidence of settlement negotiations, compromise offers, or the desire of the Plaintiffs to settle in this matter.

G.  **Testimony, Argument, Or Evidence Regarding the Fact that the Plaintiffs filed the Instant Motion *In Limine***

The Plaintiffs move the Court for an order prohibiting the Defendants from "raising the fact that Plaintiffs filed a Motion *in Limine* due to the prejudicial and confusing nature of any such mention to the jury." (Filing No. 125 at 6.) The Defendants do not contest this request in their

9

response. The Court **grants** the Plaintiffs' Motion *in Limine* to prohibit reference, mention, argument, testimony, or evidence of the filing of the instant motion.

### III.  CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion *in Limine* is **GRANTED in part and DENIED in part** ([Filing No. 125](#)). An order *in limine* is not a final, appealable order. If a party believes that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  2/25/2022

*[signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas W. Blessing
MASSILLAMANY JETER & CARSON
tom@mjcattorneys.com

Christopher Paul Jeter
MASSILLAMANY & JETER LLP
chris@mjcattorneys.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com